## ARTHUR H. PATTERSON v. EDMON ADAN.[1]

June 2, 1911.

Nos. 17,003—(110).

**New trial — argument to jury.**

The trial court was best qualified to judge whether counsel's argument to the jury, in reference to defendant's being insured against automobile accidents, was prejudicial, and the court did not abuse its discretion in granting a new trial. [Reporter.]

Action in the district court for Ramsey county to recover $21,000 damages for personal injuries received while riding with defendant, his employer, in an automobile driven by defendant. The complaint alleged that while driving along University avenue, St. Paul, at a dangerous rate of speed, at least twenty-five miles an hour, defendant unnecessarily put on the brakes and in consequence the machine turned over; that it fell with great force upon plaintiff, resulting in

[1] Reported in 131 N. W. 1134.
114 M.—34.

paralysis of both limbs; that his injuries will probably be permanent, and that he is entirely helpless and unable to carry on his employment. The answer alleged that plaintiff was riding at his own request and for his own pleasure; denied negligence on defendant's part and alleged that he had no knowledge as to plaintiff's injuries or as to his inability in consequence thereof to perform the duties of his occupation. The reply was a general denial. The case was tried before Bunn, J., and a jury which returned a verdict in favor of plaintiff for $5,000. From an order granting defendant's motion for a new trial, plaintiff appealed. Affirmed.

*C. D. & R. D. O'Brien,* for appellant.

*Harris Richardson* and *Harold C. Kerr,* for respondent.

PER CURIAM.

Plaintiff recovered a verdict for personal injuries sustained in an automobile accident, and the trial court granted a new trial because of improper and prejudicial remarks of plaintiff's attorney in his argument to the jury. The language referred to consisted principally in reference to other automobile accidents, and the effect of protection against damages in such cases by taking out insurance. Defendant's counsel took exception to the remarks and requested the court to instruct the jury to disregard them. The court cautioned the jury not to be prejudiced by what counsel had said, and instructed them to return a verdict according to the evidence. They returned a verdict for $5,000. The protest and exception by defendant's attorney was sufficient to preserve his rights. Whether the remarks in the counsel's argument to the jury were prejudicial depends largely upon the manner of utterance and their apparent effect. The trial court was best qualified to judge in that respect, and we find no ground for abuse of discretion. The order granting a new trial is affirmed.

BUNN, J., took no part.